IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHAWN B. HILLS, | ) | |
| | ) | |
| Appellant, | ) | |
| vs. | ) | No. 2:20-cv-02041 |
| | ) | |
| FIRST FINANCIAL BANK, N.A., | ) | |
| | ) | |
| Appellee. | ) | |

_____

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHAWN B. HILLS, | ) | |
| | ) | Adversary No. 19-09002 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Honorable Mary P. Gorman, |
| FIRST FINANCIAL BANK, N.A., | ) | Presiding Judge |
| | ) | |
| Defendant. | ) | |

_____

**MOTION TO DISMISS THE APPEAL AND FOR SANCTIONS**

    NOW COMES the Interested Party, CRISTINA MANUEL, by and through her attorney, Brian D. Pondenis of Brainard Law Offices, LLC[1], and pursuant to Federal Rule of Appellate Procedure 27(a), moves this Court to dismiss this appeal and for sanctions, and in support thereof respectfully states as follows:

**I. Procedural Background & History**

1.     The Plaintiff, SHAWN B. HILLS, filed an adversary case against the Appellee, FIRST FINANCIAL BANK, N.A., on January 13, 2019 (Doc. #1).

2.     On April 15. 2019, Plaintiff filed a Request for Temporary Restraining Order and Motion to Supplement Complaint, attempting to add Interested Party, CRISTINA MANUEL, as a party to the adversary case (Doc. #17).

---

[1] Notices have NOT been electronically sent to any parties to the undersigned's knowledge; the only reason the undersigned was aware of this filing is because of monitoring the ECF system of his own accord. Counsel for the Interested Party has now filed a Notice of Appearance in this case in order to receive future notices.

3. On April 19. 2019, the Interested Party, CRISTINA MANUEL, filed a Motion to Dismiss the Plaintiff's Request for Temporary Restraining Order and Motion to Supplement Complaint (Doc. #26).

4. On April 23, 2019, Plaintiff filed both a Motion to Amend the Motion to Supplement Complaint (Doc. # 28) and a Response to the Interested Party's Motion to Dismiss (Doc. #29).

5. On April 23, 2019, the Bankruptcy Court held a hearing in Springfield with regard to the various Motions that were pending (See audio file, Doc. #30).  The Court entered an Order denying all the Motions filed by both the Plaintiff and the Interested Party (Doc.32), and ordered the case to proceed as to the original Creditor/Defendant FIRST FINANCIAL BANK, N.A. only.

6. The Plaintiff did not file a timely Motion for Reconsideration of the Court's April 23, 2019, Order, nor did he timely appeal of said Order.

7. Later, on the Plaintiff's own <u>voluntary</u> motion (filed June 26, 2019, Doc. # 40), the Adversary case was **dismissed with prejudice** by the Bankruptcy Court on June 27, 2019 (Doc. # 42).

8. The Plaintiff, again, did not file a timely Motion for Reconsideration or Motion to Vacate the Court's June 27, 2019, Order dismissing the case with prejudice, nor did he timely appeal of said Order.

9. The Adversary case was closed by the Bankruptcy Court on July 12, 2019, after no further action had been taken or requested.

10. On August 16, 2019, more than a month after the Adversary case was officially closed, the Plaintiff filed a three Count Motion in the Bankruptcy Court: "I. Motion for Disqualification Such that Further Proceedings are Treated Impartially by Successor Judge, II. Motion to Re-open for Relief from Erroneous Orders Entered, in Part, From Reckless Assumptions, and From the Judge's Reliance on False Statements Intentionally Made by the Court's Own Officers, and III. Motion for Leave to File the Attached Notice of Appeal Under Extended Time" (Doc. # 49).

11. On August 20, 2019, the Bankruptcy Judge entered an Order providing the Interested Party and the Creditor/Defendant until September 17, 2019, to file a Response to the Plaintiff's "Omnibus Motion", and further provided that Plaintiff would have until October 15, 2019 to file a Reply to any Responses that were filed.  (Doc. # 50).

12. On August 22, 2019, Interested Party, CRISTINA MANUEL, filed A Motion to Restrict Access, claiming that Appellant's recent filing of Doc. # 49 contained personal information.  The same day, that Motion was granted by the Bankruptcy Court and those documents were sealed.  (See Docs. # 51 – 52).

13. That same day, an Order to Show Cause was issued by the Bankruptcy Court to the Plaintiff with regard to the non-redacted personally-identifying information contained in the Plaintiff's filings. A deadline for Plaintiff to respond was set for September 5, 2019 (Doc. #53).

14. On September 5, 2019, the Plaintiff filed a multitude of Motions, including multiple Motions to Substitute Judge, a Motion to Extend Time, a Response to the Interested Party's Motion to Seal, and a Response to the Order to Show Cause (see Docs. #56 – 59).  Each separate document numbered about 102 – 103 pages in length, including attached exhibits.

15. On September 16, 2019, the Interested Party filed a Motion for Sanctions under Fed. R .Bankr. P. 9011 (Doc. #62).

16. On September 17, 2019, both the Creditor/Defendant FIRST FINANCIAL BANK, N.A. and the Interested Party, CRISTINA MANUEL, filed Responses to the Plaintiff's Omnibus Motion. (Docs. # 63 and 64).

17. Throughout the proceedings in the Adversary case, the Plaintiff filed ***thirteen*** Motions to Disqualify or Recuse the Bankruptcy Judge (Docs. #49, 56, 57, 58, 59, 65, 67, 68, 69, 70, 81, 84, and 92).

18. On September 17, 2019, after the Plaintiff had filed six such Motions, the Interested Party, CRISTINA MANUEL, filed a second Motion for Sanctions, this time pursuant to 28 U.S.C. §1927 (Doc. #66).

19. On December 19, 2019, the Bankruptcy Judge issued an Opinion and Order denying the Omnibus Motion along with the subsequent ten other Motions the Plaintiff's had filed to substitute Judge, which were pending at that time. (Docs. # 71 and 72). The Plaintiff continued to file more Motions to Recuse Judge after that Opinion and Order were entered (Docs. #81, 84, and 92).

20. On December 23, 2019, the Bankruptcy Court entered further Orders denying the Plaintiff's Motion to Reopen Adversary and the Motion for Leave to File Notice of Appeal Under Extended Time (Doc. # 75), and denying Plaintiff's Motion to Extend Time by One Day contained in Doc. 56 and Motion to Extend Time contained in Doc. 65 (Doc. #76). The Court also denied as moot Creditor/Defendant FIRST FINANCIAL BANK, N.A.'s Combined Motion to Strike and Response (Doc.77).

21. On January 2, 2020, the Plaintiff filed a Motion to Reconsider. (Doc. # 81).

22. On January 15, 2020, the Bankruptcy Court entered an Order denying the Plaintiff's Motion to Reconsider. In it the Bankruptcy Court found that the Interested Party's "two motions for Sanctions have yet to be ruled on and remained pending" and also found that "the Motion to Reconsider relates only to the December 2019 Opinion and Order (#71, 72) because those are the only matters discussed…[a]nd, to the extent the Motion to Reconsider did not include the other orders (#75, 76), the time for seeking reconsideration of or to appeal those orders has now passed" (Doc. # 82).

23. On January 29, 2020 at 23:57:25 PM, the Plaintiff filed document captioned "Twelfth Motion to Disqualify and Motion to Perfect and Process Notice of Appeal, *Instanter* (Doc. 84), along with a Notice of Appeal to the District Court attached thereto as an Exhibit to the Motion (Doc. 84-1).

24. On January 30, 2020 at 12:00:28 AM, the Plaintiff filed and docketed a "Motion for Contempt *actually a notice of appeal*". Because the Plaintiff incorrectly docketed the Notice of Appeal when he filed it with the Court, the ECF system did not prompt for payment of a filing fee for the appeal, and no such fee was, in fact, paid (Doc. # 85).

25. On January 30, 2020, a Deficiency Notice was sent out by the Bankruptcy Court with regard to the Plaintiff's filing of the incorrectly docketed event (Doc. # 86).

26. When the Plaintiff did not cure the deficiency via a corrected filing, on February 7, 2020, the Bankruptcy Court entered another Order requiring the Plaintiff to pay the $298.00 fee for his prior filing of the Notice of Appeal that he had filed as Doc #85, and set a deadline for payment

of the filing fee for February 20, 2020.  Plaintiff's counsel was further advised therein that he would need to make the payment in person or by mail to the clerk's office, as it could not be paid online (Doc. # 88).

27. Also, on February 7, 2020, the Bankruptcy Court entered a separate Order denying the Plaintiff's Twelfth Motion to Disqualify and Motion to Perfect and Process Notice of Appeal, *Instanter.* The Court noted that "while it appears that Mr. Sides began filing the document prior to midnight deadline, the filing process does not seem to have been completed, or at least was not "entered," until 28 seconds after 12:00 am on January 30, 2020.  Because Mr. Sides waited until the last minute to file his Notice of Appeal, there is a question as to whether the filing, which straddles the midnight deadline, was timely."  The Court additionally noted that the "Notice of Appeal itself is also deficient as to form and content.  Bankruptcy Rule 8003(a)(3) provides that the notice of appeal must "(A) conform substantially to the appropriate Official Form; [and] (B) be accompanied by the judgment, order, or decree, or the part of it, being appealed[.] Fed. R. Bankr. P. 8003(a)(3)(A), (B). The Notice of Appeal docketed as a motion for contempt does neither." (See Doc. # 89).

28. On the February 20, 2020 deadline, instead of paying the filing fee as required by Doc. # 88 for the Plaintiff's previously filed Notice of Appeal, the Plaintiff filed and docketed a NEW Notice of Appeal with the Bankruptcy Court, selecting during his filing **every** Order entered in the Adversary Case as relating to the Notice of Appeal.  However, instead of being an actual Notice of Appeal pursuant to Fed. R. Bankr. P. 8003, the filed document was captioned as a "Motion to Disqualify (Thirteenth), to Perfect Notice of Appeal, and to Proceed in the Reviewing District Court *In Forma Pauperis*" (Doc. #92), and Plaintiff also attached as an exhibit to the filing an "Application to Proceed In District Court Without Prepaying Fees or Costs" (Doc #92-1).

29. Since the Plaintiff docketed the document as the filing of a Notice of Appeal, the ECF system required the payment of the $298.00 filing fee upon the filing of said document, which the Plaintiff failed to pay.  The Application to Proceed In District Court Without Prepaying Fees or Costs was attached as an exhibit only to the Motion/Appeal, was filed in the Bankruptcy Court instead of the District Court where Plaintiff is applying to have the filing fee waived, and was not properly docketed as a stand-alone filing with either Court.

30. The docket for the filing of the Notice of Appeal (Doc. #92) specifies that "Appellant Designation due by 03/5/2020."

31. On February 21, 2020, the Bankruptcy Court sent the Notice of Appeal to the District Court (Docs. #93 and 94), and the Bankruptcy Court issued a "Notice re: Procedures for Filing Designation of Contents and Ordering Transcripts" (Doc. #95).

32. Due to not having paid the filing fee upon filing, after 24-hours Plaintiff's counsel was automatically locked out of the ECF filing system in the Bankruptcy Court due to "outstanding fees due".  On February 24, 2020, the Bankruptcy Court issued a Notice explaining that the lockout was an automatic occurrence in the ECF system based on the failure to docket any method of payment related to a fee event" and that "[t]o terminate the lockout, an order must be obtained from the District Court waiving the filing fee.  Alternatively, the fee may be paid." (Doc. #98)

33. The designation of record and any transcripts required for an appeal were not provided by Plaintiff's counsel by the 3/5/2020 deadline, so on March 6, 2020, the Bankruptcy Court sent the

District Court a "Record on Appeal – Index Transmittal" (Doc. #100) and issued a Notice stating "[w]e have not received your designation of items to be included in the record on appeal. The Clerk's Office has prepared an appeal record that includes only the notice of appeal, the order(s) appealed, and the dockets" (Doc. # 101).

34. On March 6, 2020, the District Court acknowledged receipt of the Record on Appeal, and set a Briefing Schedule. Appellant's Brief was due to be filed by 4/6/2020. The District Court also noted on their docket that "this record is being filed in this manner because the designation of contents for inclusion and statement of issues were not filed in accordance with BR 8006" (Appellate Doc. #2).

35. On April 4, 2020, the Plaintiff filed in the District Appellate Court, a Motion for Extension of Time to File and Extend Length of Brief (Appellate Doc. #3). Per the Court's docket, Responses are due by 4/20/2020.

36. On April 15, 2020, the Bankruptcy Court issued a text-only notice, stating "An appeal has been filed in this case. Any attorney or party who wants notice of docket entries and deadlines set in the District Court should enter an appearance in the District Court. The transmittal of a notice of appeal or record by the Bankruptcy Court to the District Court does not automatically result in the contact information of attorneys and parties being entered on the District Court docket." The undersigned attorney entered an appearance on April 15, 2020.

## II. Motion to Dismiss the Appeal

37. The Interested Party, through her attorney, re-incorporates and re-alleges paragraphs 1-36 above as if fully stated herein.

38. The Plaintiff/Appellant seeks an appeal of ALL orders entered by Bankruptcy Judge Gorman in the underlying adversary matter, 19-09002.

39. The key Order entered in that matter was the Order dismissing the Adversary case, upon a voluntary request by the Plaintiff in June 2019. The Plaintiff's Motion to Voluntarily Dismiss the Adversary Case was filed June 26, 2019, and an order granting the dismissal, *with prejudice*, was entered on June 27, 2019. (Docs. # 40, 42). The Appellant's Motion to Re-open Case was not filed until August 16, 2019, forty days after the case was voluntarily dismissed (Doc.49).

40. What should also be noted, is that while the Appellant filed a Motion to Re-Open the Adversary Case on August 16, 2019, along with a multitude of Motions to Disqualify/Recuse Judge and other various Motions throughout the proceedings, **Plaintiff never filed a Motion to Vacate the Order of Dismissal**. Even if he had filed such a Motion, or the Motion to Reopen is somehow construed as a Motion to Vacate the dismissal, it was untimely under Bankruptcy Rule 9023, which requires a motion for a new trial or altering or amending the judgment to be filed within 14 days after entry of the judgment. Fed. R. Bankr. P. 9023.

41. As such, the time for appealing or vacating such dismissal had long expired before the Plaintiff's various other Motions were even filed -- much less after the Court's denial of the Plaintiff's the Motion for Reconsideration of its 12/19/2019 Opinion and Order . Indeed, Plaintiff has, throughout his many motions, never claimed any coercion for voluntarily dismissing the Adversary case, nor has he claimed any basis for reopening the case and vacating the dismissal

based on new evidence, mistake or the like, which would warrant reinstating the case at this late date.

42. Any documents or other pleadings filed after the July 12, 2019 date the Adversary case was closed by the Court, should be disregarded, and any appeals therefrom dismissed, as being well beyond the time for filing of an appeal. Similarly, an appeal of the April 23, 2019, hearing and subsequent Orders denying the Plaintiff's Motion for Temporary Restraining Order and Motion to Amend Complaint (to add the Interested Party as a party to the Adversary case), after the July 12, 2019 closed date of the case, would also be untimely. See Fed. R. Bankr. P. 8002(a).

43. In fact, this case is not really about the Plaintiff recovering, on a very questionable basis (at most approximately $900.00 from a creditor as a preference) – it is about relentlessly pursuing the Interested Party and the Judge. The Plaintiff has filed at least **thirteen** separate motions to remove and/or disqualify the Bankruptcy Judge.

44. Because the time to appeal the dismissal Order regarding the actual Adversary case has long expired, an appeal of that Order at this juncture is untimely and pointless.

45. Moreover, this appeal is frivolous, in that no remedy may be granted due to (i) a lack of timely filing, and (ii) there is no relief available to the Appellee. *See* Rule 8020(a). Indeed, the notice of appeal appears to have been filed for the sole purpose to harass the Interested Party, since there is no further relief available to the Appellant. Especially vexing is Appellant's counsel's repeated late and/or last-minute filings, numerous deficiencies, and general lack of knowledge of Court procedures.

46. Furthermore, Bankruptcy Rule 8003(a) states:

"The notice of appeal must: (A) conform substantially to the appropriate Official Form; (b) be accompanied by the judgment, order, or decree, or the part of it being appealed; and (c) be accompanied by the prescribed fee. Fed. R. Bankr. P. 8003(a).

47. As the Bankruptcy Court pointed out in the order entered February 7, 2020 (Doc. # 89), Appellant's counsel did not, in any manner, conform either of the filed Notices of Appeal to the official form as required. Appellant did not even caption the Notice of Appeal properly, rather docketing the first one filed on January 30, 2020, as a 'motion for contempt' event, but yet captioned the document a "Twelfth Motion to Disqualify and Motion to Perfect and Process Notice of Appeal, *Instanter* , and attached a bare-bones, non-conforming, Notice of Appeal as an exhibit to said Motion (perhaps in an attempt to circumvent the filing fee, or perhaps out of ignorance). The second Notice of Appeal filed on February 20, 2020, which was the one sent up to the District Court, was similarly captioned as a "Motion to Disqualify (Thirteenth), to Perfect Notice of Appeal, and to Proceed in the Reviewing District Court *In Forma Pauperis*", although docketed as a Notice of Appeal, and it too failed to conform to the official form as required by Fed. R. Bankr. P. 8003(a).

48. In addition, counsel did not attach any of the orders or judgments to be appealed as required by Fed. R. Bankr. P. 8003(a); rather Appellant just states that "all orders" are being appealed.

49. Also, as previously stated, no filing fee was paid upon the filing of the initial Notice of Appeal on 1/30/2020. In the February 7, 2020 Order, Judge Gorman provided Plaintiff's counsel an additional fourteen days for payment of the fee, making it due on 2/20/2020, and still, no fee was ever paid, and no waiver was requested. Instead of paying the fee for the filing of the first Notice

of Appeal, the Appellant decided to instead to file a **SECOND** Notice of Appeal, incurring a new filing fee, which also was not paid and resulted in him being locked out of his ECF filing account. (Plaintiff's counsel attached an *In Forma Pauperis* application as an exhibit to his 2nd Notice of Appeal, but the Bankruptcy Court indicated that in order to terminate the lockout, an order must be obtained from the District Court waiving the filing fee.)   Appellant only recently resuscitated a waiver request, now bringing it before the District Court.

50. Further, in filing this appeal, the Appellant also failed to comply with Fed. R. Bankr. P. 8009(a)(1)(A) and (B), in that he did not within 14 days of the appeal having been filed, "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."

51. Appellant also did not comply with Fed. R. Bankr. P. 8009(b)(1)(A) and (B), by failing to either order transcripts of the proceedings in the same 14 day time period, or else file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.  There were hearings held in Adversary case that are related to matters being appealed that may have been required by the Appellant, as the record transmitted on his behalf by the Bankruptcy Court does not include the audio files of these proceedings.

52. The facts alleged in paragraphs 47, 48, 49, 50, and 51 above demonstrate a complete lack of compliance with the appellate procedures required by the Code.  One may consider these failures as defiance.

53. The initial Notice of Appeal was started to be filed January 29, 2020, but not completed into the CM/ECF system until January 30, 2020, at about 28 seconds after midnight. (See Doc. # 89 at page 2; Doc. # 85).   Even if the Court disregards the dismissal and closing of the Adversary case and permits appeals from Motions and Orders subsequently filed, the January 30, 2020 filing date for an appeal would be untimely, given the 14-day window for such a filing from the January 15, 2020, date of the denial of the Plaintiff's Motion to Reconsider.  Fed. R. Bankr. P. 8002(a).

54. The Bankruptcy Court then issued a deficiency notice on January 30, 2020, stating that the Notice of Appeal was docketed incorrectly, and that the filing fee had not been paid.  The notice stated that "no further action would be taken on this document" (See Doc. # 86).

55. The second Notice of Appeal that was filed February 20, 2020, which is the one that was transmitted to this District Court, is wholly untimely, as it was filed well after January 29, 2020 (again, if the court to even permits appeals from Motions and Orders subsequently filed after the Dismissal and closing of the Adversary case).  Thus, the appeal should be dismissed as untimely filed.

56. Further, while Fed. R. Bankr. P. 8009(a)(2) states that an "appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal", it also provides that such failures can be grounds for the District Court to act as it considers appropriate, including **dismissing the appeal**.  Therefore, Appellant's repeated failures to comply with the Code and appellate procedures, are and should be, grounds for dismissal of this appeal

### III. Motion for Sanctions

57. The Interested Party, through her attorney, re-incorporates and re-alleges paragraphs 1-56 above as if fully stated herein.

58. Appellant, or the Appellant's attorney, has engaged in conduct to delay proceedings, in order to continue to hinder and harass the Interested Party (who is not even a party to these proceedings, because the Bankruptcy Court denied Appellant's 4/15/2019 Motion to add her as a party, but Appellant continues to appeal that denial in this Court).

59. The Appellant's attorney seeks only to have the Interested Party be compelled to appear and answer, by means and other tactics of delay, oppression, harassment, and massive expense to reduce the [Interested Party] to exhausted compliance. *See, e.g.,* Chambers v. NASCO, 501 U.S. 32 (1991).

60. Although the Interested Party was not made a party to the Adversary case, she has continued to be brought into the case by the Plaintiff's attorney as a method of hindrance, delay, and oppression against the Interested Party, designed to put her is disrepute, via publically-available pleadings.

61. The Interested Party further notes that very few of the many filings that occurred after the initial Adversary Complaint relate to the actual Plaintiff/Appellant-in-interest, SHAWN HILLS.

62. No relief can even be granted as to the actual Plaintiff/Appellant-in-interest, SHAWN HILLS. This is because while the Appellant's attorney belatedly filed the August 16, 2019 Motion requesting that the Adversary Case be reopened (to allow him to re-litigate April 23,2019 Court Order denying his Motion for Restraining Order and to Supplement Complaint that he had filed against the Interested Party), Appellant's attorney never once in all of the various Motions he has filed since, filed a Motion to Vacate the Order dismissing the Adversary case with prejudice, after he had filed to have it dismissed voluntarily. Without vacating the actual dismissal of the case, since it was with prejudice, there is no remedy remaining for the Plaintiff/Appellant, and this appeal only serves to be a further harassment of the Interested Party and the Bankruptcy Court Judge.

63. 28 U.S.C. § 1927 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court …" to personally pay the opposing's party's attorney's fees and expenses. Mr. Sides, attorney for Plaintiff/Appellant, should be held liable for those fees and expenses. He filed thirteen Motions to Disqualify/Recuse Judge in the underlying Adversary case, and repeatedly violated both the Bankruptcy & Appellate Court Rules, and then further multiplied the proceedings by filing this untimely, unmeritorious, and frivolous appeal.

64. The Interested Party has been forced to spend numerous hours in discussion, drafting responses to frivolous pleadings, and appearing in Court, and now file an appellate Brief . All of this is in response to an Adversary case for a preference action filed against Creditor FIRST FINANCIAL BANK. N.A., which Interested Party was not a party thereto, and which initially should have been potentially for the Plaintiff/Appellant's benefit – but, which has now devolved into some grotesque persecution of the Interested Party and the Bankruptcy Court Judge by the Plaintiff's attorney. Meanwhile, the two sanctions Motions previously filed by the Interested Party in the underlying Adversary case remain pending before the Bankruptcy Court, but are now stayed due to the filing of this appeal.

WHEREFORE, the Interested Party, Cristina Manuel, respectfully requests that this Court dismiss this appeal in its entirety, award sanctions as this Court deems appropriate against Plaintiff/Appellant's attorney, and remand the case back to the Bankruptcy Court with regard to the proceedings remaining therein, for the following reasons:

a. The appeal was untimely filed;

b. The appeal did not even minimally conform to the Federal Rules of Bankruptcy Procedure, in that it failed to comply with the mandated official format, failed to attach copies of the specific judgments or orders being appealed, and Appellant failed to pay the filing fee upon the filing of the appeal or anytime thereafter;

c. The appeal is frivolous and affords the Appellant no possible potential relief;

d. The underlying adversary matter was voluntarily dismissed by Appellant, said dismissal was with prejudice, and Appellant did not timely file a Motion to Vacate, Motion for Reconsideration, or Appeal of that dismissal, and the Adversary case was officially closed by the Court on July 12, 2019, prior to the filing of all the Appellant's subsequent Motions and Orders that he is attempting to appeal.

Dated: <u>April 20, 2020</u>

Respectfully submitted,

/s/ Cristina Manuel

By: /s/ Brian D. Pondenis, her attorney

/s/ Brian D. Pondenis

Brian D. Pondenis
Brainard Law Offices LLC
501 Jackson Avenue
Charleston, IL 61920
(217) 345-3929
pondenis@gmail.com
Bar #: 6291212

**Certificate of Service**

The undersigned certifies that by filing the foregoing motions via CM/ECF, that the following persons were served on April 20, 2020, via CM/ECF (through the registered email addresses of record):

Mr. Shawn B. Hills

(via his attorney, Mr. Brian Sides)

Mr. Jeffrey Richardson

Attorney for Appellee, First Financial

Dated: April 20, 2020  /s/ Brian D. Pondenis
Attorney for Interested Party
Cristina Manuel.


Brian D. Pondenis
Brainard Law Offices, LLC
501 Jackson Avenue
Charleston, IL 61920
t: (217) 345-3929
pondenis@gmail.com